## BROWN v. BROWN ET UX.

1. SPECIFIC PERFORMANCE. Evidence held sufficient to entitle plaintiff to specific performance of a contract.

2. PRACTICE IN THE SUPREME COURT: RECORD. The Supreme Court will presume that the proceedings of the court below are correct, in the absence from the record of a showing to the contrary.

*Appeal from Van Buren District Court.*

FRIDAY, MARCH 19..

ACTION in chancery to enforce the specific performance of a contract to convey certain lands to defendant. There was a decree granting the relief prayed for in the petition. Defendants appeal.

*Trimble & Baldwin*, for appellants.

*D. C. Beaman* and *H. C. Hendershott*, for appellee.

BECK, J.—I. The plaintiff and defendant, George Brown, are brothers; and the other defendant is the wife of George, her co-defendant.

The parents of these parties were old and infirm, and conveyed to defendant, George, certain lands as a consideration for their support and maintenance, which he became bound to provide. After he had discharged this duty for a time he entered into a contract with the plaintiff, to the effect that he should move upon the land which the parents had deeded to George, and take proper care of the mother, the father having before this died. Plaintiff did take possession of the land and moved into the house, and took the mother into his family and provided for her wants until her death. The controversy arises upon the terms of the agreement between the brothers, so far as the compensation of plaintiff is concerned. Plaintiff claims that defendants agreed to convey to him the land, deeded to defendants by the parents, as a consideration for the services to be rendered by plaintiff, and plaintiff was to pay to defendant one thousand dollars within one year after the death of their mother, without interest. Defendants' statement and claim, as to the terms of the contract, is this: Plaintiff was to have the

use and occupancy of a part of the land during his mother's life as a compensation for her maintenance.

The case is one of open and gross conflict of evidence. There is, we think, not one disputed principle of law presented by counsel. Our whole duty is discharged in determining upon the question of facts presented by the evidence of the parties. This, we own, is no pleasant task as it requires us to contemplate evidence not to be harmonized, and which clearly attests to the want of truth and honesty on the part of some of the parties, and others appearing in the record.

It is not our custom to discuss the evidence in cases of this kind, and give our views upon the credibility of witnesses, or our reasons for disregarding certain evidence upon the strength of conflicting testimony. It would prove profitless to the parties and others concerned, and to the profession. We uniformly content ourselves with the announcement of our conclusions.

In our opinion the plaintiff has sustained the allegations of his petition, and has established to our satisfaction the contract under which he claims the conveyance of the land. We think the evidence amply supports this conclusion, which was reached by the District Court.

The decree of the court below required the defendants to execute a deed upon the plaintiff paying the sum of $1,000 to the clerk of the court for the use of defendants. Nearly one year was allowed plaintiff, in which to make this payment, after the rendition of the decree. We think the amount thus required to be paid is correct, and that the court's finding upon this point is supported by the evidence. The plaintiff complains of the requirement, and insists that the defendant should have had a judgment for an amount which should have been made a lien on the land. We think the complaint is without cause. He cannot ask that the contract be performed by the other party until plaintiff has performed his part. He contracted to pay the money, not to give the defendant security for its payment by a lien on the land. The time given him was liberal, but as it has expired pending this appeal no prejudice was wrought. It will be extended to ninety days after the entering of the judgment of affirmance in this court.

II. The defendants, at a term subsequent to the one at which the decree of the District Court was rendered, filed a petition for a new trial under Rev. § 3116; Code, § 3135. The application based thereon was not sustained and a new trial was refused. The record does not show what proceedings were had under this petition. The court was required to hear evidence under it and thereon decide the question whether defendants were entitled to a new trial. In the absence of the proper record showing the proceedings upon which the court's judgment on the petition was rendered, we are required to presume their regularity and correctness.

The decree of the District Court is

AFFIRMED.